IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN VERN BOGUE,

      Plaintiff,                      No. CIV S-11-1109 DAD P

  vs.

DR. RALLOS,

      Defendant.                ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or filed a request to proceed in forma pauperis.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In his complaint plaintiff alleges that the named defendants are providing him with inadequate medical care at Lancaster State Prison in violation of his rights under the Eighth

1

1  Amendment.  Lancaster State Prison and each defendant named in this action are located in Los
2  Angeles County, which is in the Central District of California.  Therefore, plaintiff's claim
3  should have been filed in the United States District Court for the Central District of California.
4  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the
5  correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir.
6  1974).

       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: May 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kly/4
bogu1109.21a